JACKSON LEWIS P.C.
TYLER A. BROWN (SBN 121350)
50 California Street, 9th Floor
San Francisco, California  94111
Telephone:    (415) 394-9400
Facsimile:     (415) 394-9401
Email: brownt@jacksonlewis.com

Attorneys for Defendant
Emeritus Corporation (erroneously sued herein
as "Brookdale Senior Living, Inc.," "Brookdale
Corporation," and "Brookdale Senior Living
Community, Inc.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA EDWARDS,<br><br>        Plaintiff,<br><br>    v.<br><br>EMERITUS CORPORATION,<br>BROOKDALE CORPORATION,<br>BROOKDALE SENIOR LIVING, INC.,<br>BROOKDALE SENIOR LIVING<br>COMMUNITY, INC., DOES 1 through 10,<br><br>        Defendants. | Case No.  2:16-cv-8191<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. § 1441 (b)]**<br><br>[Filed Concurrently with Defendant's Notice of Interested Parties]<br><br>Complaint Filed:    10/4/2015<br>Trial Date:            None Set |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND**

**ATTORNEYS OF RECORD:**

Defendant EMERITUS CORPORATION ("Defendant") hereby invokes this Court's

jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) and remove this action

from state court to federal court pursuant to 28 U.S.C. section 1446(b).  In support thereof,

Defendant asserts:

1.    On October 4, 2016, Plaintiff CYNTHIA EDWARDS ("Plaintiff") filed a civil

complaint against Defendant in the Superior Court of the State of California in and for the County

of Los Angeles titled "*Cynthia Peters, Plaintiff, vs. Brookdale Senior Living, Inc., Emeritus*

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT [28 US.C. § 1441 (b)]                      Case No.:  2:16-cv-8191

*Corporation, Brookdale Corporation, Brookdale Senior Living Community, Inc.") and Does 1 through 10, inclusive, Defendants"* Case No. BC636245 ("Complaint").

2. In her Complaint, Plaintiff asserts the following causes of action: (1) wrongful termination -- public policy; (2) wrongful termination – Government Code; (3) failure to pay overtime wages; (4) failure to provide meal and rest periods; (5) failure to pay discharged employee; (6) unreimbursed business expenses; (7) failure to provide itemized statement to employee; (8) violation L.C. section 558; and (9) unfair business practices. A true and correct copy of the Summons and Complaint, together with accompanying exhibits, is attached hereto as Exhibit "A."

3. Defendant filed and served an Answer to Plaintiff's Complaint in the Superior Court of the State of California in and for the County of Los Angeles on November 2, 2016. A true and correct conformed copy of Defendant's Answer is attached hereto as Exhibit "B."

4. This removal is timely because it is being filed within thirty (30) days after Defendants were first served with a copy of Plaintiff's Summons and Complaint and is, therefore, filed within the time period mandated by 28 U.S.C. section 1446(b).

5. Plaintiff's Complaint and Defendants' Answer represent all pleadings and other documents filed with the California Superior Court in this matter as of the date this Notice of Removal is filed.

## DIVERSITY JURISDICTION

6. Defendant is informed and believes Plaintiff is, and was at all times relevant to this action, a citizen and resident of the State of California. *See* Complaint at paragraph 2.

7. Pursuant to 28 U.S.C. 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business. Defendant Emeritus was acquired by Brookdale Senior Living, Inc. on August 1, 2014. Declaration of Liberty Stansberry, ¶ 1. Brookdale is incorporated in, and under the laws of, the State of Delaware. Declaration of Liberty Stansberry, ¶ 2. Moreover, Brookdale maintains its principal place of business in the State of Tennessee. Declaration of Liberty Stansberry, ¶ 3. Therefore, under 28 U.S.C. 1332 (c)(1), Brookdale is not a citizen of the State of California and

2

complete diversity among the parties exists.

8. The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (U.S. 2010). In practice, a corporation's "nerve center" is generally its corporate headquarters, provided that this is the actual center of direction, control, and coordination and is not simply an office where board meetings are held. *Id.* at 1192. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

9. At the time Plaintiff filed her Complaint, and currently, Brookdale's corporate headquarters are located at 111 Westwood Place, Suite 400, Brentwood, TN 37027. Declaration of Liberty Stansberry, ¶ 3.

10. Brookdale's corporate officers are based out of, and for purposes of citizenship, reside at its corporate headquarters in Brentwood, TN. Declaration of Liberty Stansberry, ¶ 3.

11. Brookdale's corporate officers, based out of Brentwood, TN, direct, control, and coordinate Brookdale's services and overall business operations for its locations throughout the United States. Therefore, in addition to citizenship in its incorporated state of Delaware, based upon the location of its officers and directors, Brookdale's "nerve center" and principal place of business establishes Brookdale is a citizen of the State of Tennessee.

12. The presence of doe defendants has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(a).

## **AMOUNT IN CONTROVERSY**

13. When a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-61 (9th Cir. 1996). For unspecified claims, the court should not look to the low end of the possible range of recovery but make a reasonable assessment of the rights being litigated. *Angus v. Shiley Inc.* 989 F.2d 142, 146 (3rd Cir. 1993).

3

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT [28 US.C. § 1441 (b)]                    Case No.:  2:16-cv-8191

14. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume plaintiff will prevail on each and every one of his or her claims and aggregate the damages for each claim. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes plaintiff prevails on liability)).

15. The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action as well as the relief sought and take judicial notice of awards in similar cases. *See, e.g., Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment cases often exceed damages).

16. Based upon the nature of the causes of action set forth in Plaintiff's Complaint, Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount of this Court ($75,000.00) notwithstanding the fact the Complaint does not expressly set forth the approximate monetary amount of damages being sought. Specifically, as delineated in Plaintiff's Complaint (attached as Exhibit "A"):

    a. Plaintiff claims she has suffered general and special damages for various alleged violations of the California Government and Labor Codes and state law (*See* paragraphs 1, 2, 17, 20, and 21 of Complaint.)

    b. Plaintiff further seeks punitive damages for two causes of action (*See* paragraphs 3 and 22 of Complaint.)

17. Plaintiff's causes of action for wrongful termination can independently satisfy the jurisdictional amount in controversy requirement. For example, under the California Fair Employment and Housing Act, lost earnings are generally calculated from the date of the adverse employment action through the date of judgment. California *Government Code* section 12965. As Plaintiff' employment was terminated in April 2016, any judgment in this case likely will not be rendered, if at all, until mid-2017. Thus, if successful, Plaintiff would seek at least one year of lost earnings alone. Moreover, California decisions from the Fair Employment and Housing

4

Council (formerly "Commission") provide for the recovery of future loss of earnings for at least one (1) or two (2) additional years. *Department of Fair Employment and Housing v. Centennial Bancorp* (1987) FEHA Precedent Decision No. 87-03. Thus, if Plaintiff prevails on just her cause of action related to wrongful termination, she would seek to recover between two (2) and three (3) years' worth of wages alone which can independently satisfy the jurisdictional amount in controversy requirement. At her last annualized salary of $93,816.39/year, just her backpay award could be in excess of $75,000. Declaration of Liberty Stansberry, ¶ 4.

18. Importantly, Plaintiff also seek attorneys' fees and punitive damages. Although Defendant strongly denies Plaintiff's allegations, if Plaintiff prevails on her claims and establishes liability, an award of attorneys' fees and punitive of damages could satisfy the jurisdictional amount in controversy requirement in and of itself. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees.")

19. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pac. Fin. Serv.*, 20 F.3d 383, 386-87 (10th Cir. 1994).

## REMOVAL JURISDICTION

20. For all the foregoing reasons, this Court has original jurisdiction of this action pursuant to 28 U.S.C. sections 1332(a), 1441(a) and (b), and 1446(a) and (b) because it is a civil action between diverse citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

21. This Notice of Removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint and is, therefore, filed within the time period mandated by 28 U.S.C. section 1446(b).

22. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because the state action was filed within this district, and it is the judicial district in which the action arose. See 28 U.S.C. section 84.

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT [28 US.C. § 1441 (b)]        Case No.: 2:16-cv-8191

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California in and for the County of Los Angeles be removed therefrom to this Court.

Dated: November 3, 2016                              JACKSON LEWIS P.C.


                                        By:    /s/ *Tyler A. Brown*
                                               Tyler A. Brown
                                               Attorneys for Defendant
                                               Emeritus Corporation (erroneously sued
                                               herein as "Brookdale Senior Living, Inc.,"
                                               "Brookdale Corporation," and "Brookdale
                                               Senior Living Community, Inc.")

4847-4407-5835, v. 1

6

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT [28 US.C. § 1441 (b)]                    Case No.:  2:16-cv-8191

# EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Emeritus Corporation, Brookdale Corporation, Brookdale Senior Living Inc., Brookdale Senior Living Community Inc., Does 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Cynthia Edwards

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 04 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Stanley Mosk - Central Courthouse

111 North Hill Street
Los Angeles, California 90012

| CASE NUMBER: |
| --- |
| (Número del Caso): |
| **BC 6 3 6 2 4 5** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Timothy Donahue (110501); L/O of Timothy Donahue; 374 S. Glassell St; Orange, CA 92866; (714)289-2445

DATE: **OCT 04 2016**
(Fecha)

SHERRI R. CARTER

Clerk, by **M. Soto** , Deputy
(Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Emeritus Corporation

under: ☒ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ other (specify):
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465·
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Timothy J. Donahue, SBN 110501
LAW OFFICES OF TIMOTHY J. DONAHUE
374 South Glassell Street
Orange, CA 92866
Telephone: (714) 289-2445
Facsimile: (714) 289-2450

Attorney for Plaintiff,
Cynthia Edwards

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 0 4 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BY FAX

| | |
|---|---|
| Cynthia Edwards | CASE NO. **BC 636 245** |
| Plaintiff | **COMPLAINT FOR DAMAGES** |
| vs. | |
| Emeritus Corporation, Brookdale Corporation, Brookdale Senior Living Inc., Brookdale Senior Living Community Inc., DOES 1 THROUGH 10 | |
| Defendants. | |

Plaintiff alleges as follows:

1.    Defendants caused loss and harm to plaintiff as follows.

2.    At all times relevant, plaintiff was the employee and defendants were the employer. Plaintiff was under the control of an performed services for defendant(s) in the city of Colima, Los Angeles, State of California; for approximately 3 years.

3.    At all times relevant, defendants and each of them were involved in a joint business venture, partnership and aided and abetted one another, in the course and scope of their employment and management of plaintiff. This includes named defendants as well as defendants identified only at this time as Does 1 through 10. Plaintiff is unaware of the true names and capacities of these Doe defendants. Plaintiff reserves the right CCP 474, to amend this complaint, when their true names and capacities are ascertained.

-1-

COMPLAINT FOR DAMAGES

///

4.    Plaintiff was to be paid by the hour. Plaintiff's duties mostly involved nonexempt labor. Defendants did pay some hourly wages to plaintiff. Defendants did not properly pay all wages and did not pay overtime wages as required by law. Plaintiff worked overtime for defendants, during her last years of employment.

5.    Defendants did not permit or allow plaintiff to take rest breaks as required by law. Defendants did not allow or permit plaintiff to take meal periods, during the workday. Defendants failed and refused to pay plaintiff for the missed meal periods and rest breaks. Defendants did occasionally allow meal periods and rest breaks, but they were commonly short or taken late, as a matter of company policy. Plaintiff suffered harm as a result.

6.    Defendants failed and refused to properly list and identify all hours worked and all wages that should've been paid, in plaintiff's pay stub. Defendant committed numerous and various paystub violations, plaintiff was provided with his paycheck. Defendants failed and refused to pay plaintiff all accrued and earned benefits and vacation. Defendants fail refused to properly pay plaintiff all wages upon termination, which was April 19, 2016.

7.    On or about April 19, 2016, defendant deliberately, falsely and improperly fired and terminated plaintiff, because plaintiff lodged certain complaints with the company. In 2015 and 2016, plaintiff lodged legitimate complaints, against defendant, authorized by labor code 1102.5. Plaintiff complained to defendant that he was not being properly paid and that working conditions were improper, injurious and harmful. In early April 2016, plaintiff requested time off, due to job stress. Her request was rejected. Because of the complaints, defendants began to systematically harass plaintiff. She was placed on light duty. She was transferred/demoted. See Exhibit 1. Defendants retaliated, harassed and pressured plaintiff to the point of termination. The wrongful termination was in violation of statute and violation of public policy as set forth herein.

8.    Plaintiff has submitted and obtained authorization to proceed, DFEH. See Exhibit 1 attached hereto and incorporated by reference. Defendants and each of them have caused damage, loss and harm to plaintiff.

-2-

**COMPLAINT FOR DAMAGES**

///

Plaintiff seeks recovery of all damages, penalties, attorneys fees, wages, interest and other economic and noneconomic damages, as authorized by law and according to proof at the time of trial.

## FIRST CAUSE OF ACTION

### Wrongful termination-public policy

### (Against all defendants including Does 1 to 10)

9.    Plaintiff incorporates all of the preceding paragraphs, as though set forth at length herein.

10.    Defendants unreasonably, improperly forced the termination of plaintiff's employment on April 19, 2016 in violation of public policy. In late 2015, early 2016, plaintiff lodged certain complaints with the company. Due to illegal and improper harassment on the job, plaintiff suffered job stress and requested time off to seek medical attention. Plaintiff's request was rejected. On or about April 12, 2016, plaintiff reported harassment, screaming, slamming doors; and these complaints and harassment was reported to VP of operations. Plaintiff noted that he was not being properly paid and that working conditions were harmful, injurious and improper. These complaints were legitimate, honest, meritorious and meant for safety on the job.

11.    Defendants became angry, irritated, upset, vindictive and retaliated against plaintiff, in violation of public policy, for plaintiff's legitimate complaints. Plaintiff's employment was terminated. Defendants violated the FMLA and/or CFRA.

12.    As a result of the violation of public policy and wrongful termination, plaintiff suffered injury damage loss and harm.

## SECOND CAUSE OF ACTION

### Wrongful Termination – Government Code

### (Against all defendants including Does 1 to 10)

13.    Plaintiff incorporates all of the preceding paragraphs, as though set forth at length herein.

14.    Defendants termination of plaintiff was both substantial and detrimental to plaintiff's health and livelihood. Defendants evil and retaliatory motive, was unfair, unjustified and

-3-

///

likely to cause harm and injury to plaintiff. Defendant's conduct did cause severe distress and severe trauma and harm to plaintiff. Plaintiff became distraught, fearful, depressed and anxious due to the retaliation, which violated government code 12940 (h).

15. At all times relevant, plaintiffs work activities were legal and appropriate. Plaintiff complained of improper pay working conditions, caused by defendant. As a result, plaintiff's employment was terminated and plaintiff was harassed on the job. Defendants had no basis and no good cause for the termination or harassment or retaliation against plaintiff. See Exhibit 1 attached.

16. Plaintiff seeks recovery of all damages caused by the discrimination/retaliation and wrongful termination, according to proof, at the time of trial.

## THIRD CAUSE OF ACTION

**(Failure to Pay Overtime Wages in Violation of Labor Code §§1194 and 510, a Violation of California Code of Regulations §11040 Against All Defendants including Does 1 to 10)**

17. Plaintiff alleges and incorporate by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

18. Plaintiff is informed and believes, and thereon alleges, at all times relevant to employment by defendants, **California Labor Code §510(a), 1194,** and IWC wage orders, were in full force and effect, and binding upon defendants. The statutes and wage orders require defendants to pay Plaintiff 1 ½ times the regular rate of pay for each hour of work performed, in excess of eight hours per workday and/or in excess of 40 hours per each work week.

19. Plaintiff is informed and believes, and thereon alleges, that defendants failed to pay at a rate of 1 ½ times their regular rate of pay, for all hours worked, in excess of eight hours per each work day and/or in excess of 40 hours in each work week.

20. As a result of the unlawful acts of defendants, plaintiff is entitled to recover unpaid overtime wages in an amount to be proved at trial, pre-judgment interest, attorney fees and costs, pursuant to **California Labor Code §1194.**

-4-

## FOURTH CAUSE OF ACTION

### (Failure to Provide Meal and Rest periods, Violation of California Labor Code §§226.7 and 512; Violation of IWC Wage Order 5 Against All Defendants Including Does 1 to 10)

21.    Plaintiff alleges and   incorporates by reference, each and every allegation contained in the preceding paragraphs, as though set at length herein.

22.    Plaintiff is informed and believes, and thereon alleges, that California Labor Code §§512 and 226.7, were in full force and effect, and binding on defendants, during all times mentioned in this complaint. Said sections require employers to comply with all IWC wage orders governing meal and rest periods.

23.    Plaintiff is informed and believes, and thereon alleges, that the IWC wage orders were in full force and effect, and govern when employers, including these defendants, must give employee breaks for meal and rest periods. The wage orders state in pertinent part, employers must provide at least 30 minutes of meal, for every eight hours of work and another 30 minutes if the work is 10 hours or more. Furthermore, the IWC wage orders state in pertinent part, that employees must be given at least a 10 minute rest for every four hours of work, or major fraction thereof.

24.    Plaintiff is informed and believes, and thereon alleges, that defendants failed to provide proper meal and rest periods in violation of IWC wage orders and California Labor Code §§ 226.7 and 512. Defendants failed to provide uninterrupted meal periods for the full 30 minutes as required by California law.

25.    Plaintiff is informed and believes, and thereon alleges, that the IWC Wage Orders in the California Labor Code mandate, that defendants pay to plaintiff one hour of pay at plaintiff's regular rate of pay, every missed meal and rest.. Plaintiff is thereby entitled to these penalties in an amount to be proven at trial.

///////
//

-5-

## FIFTH CAUSE OF ACTION

**(Failure to Pay Discharged Employee; Violation of Labor Code §§ 201 and 203 Against All Defendants Including Does 1 to 10)**

26.    Plaintiff alleges and incorporates by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

27.    At all times mentioned in this complaint, California Labor Code §§201 and 203, were in full force and effect, and binding on defendants. Said sections require an employer to pay all unpaid and earned wages to an employee, immediately upon discharge.

28.    Plaintiff is informed and believes, and thereon alleges, that defendants refused and/or willfully failed to pay all wages owed to Plaintiff at the time of discharge.

29.    As a result of defendants' violation of Labor Code §§201 and 203, Plaintiff is entitled to penalties under Labor Code §203, which provides that upon violation of Labor Code § 201, the wages of the employee shall continue as a penalty from the date thereof, at the same rate until paid, or until an action is commenced, but such wages shall not continue for more than 30 days.

## SIXTH CAUSE OF ACTION

**(Unreimbursed Business Expenses , Violation of California Labor Code §§2800 and 2802  Against All Defendants Including Does 1 to 10)**

30.    Plaintiff incorporates by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

31.    At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

32.    Plaintiff incurred necessary business-related expenses and costs that were not fully reimbursed by defendants, including and without limitation, transportation, phone expenses that resulted from her employment with defendants. Specifically, defendants required plaintiff to purchase work uniforms, and business related items, in violation of Labor Code 2802. Defendants had, and continue to have, a policy of not reimbursing employees, including plaintiff, for said business-related expenses and costs.

-6-

/////

33. Defendants have intentionally and willfully failed to fully reimburse Plaintiff for necessary business-related expenses and costs.

34. Defendants' conduct violates California Labor Code Sections 2800 and 2802.

35. Plaintiff is entitled to recover from defendants their business-related expenses incurred during the course and scope of their employment, plus interest, and an award of costs and reasonable attorney's fees pursuant to California Labor Code section 2802.

## SEVENTH CAUSE OF ACTION

### (Failure to Provide Itemized Statement to Employee;

### Violation of Labor Code §226 Against All Defendants Including Does 1 to 10)

36. Plaintiff alleges and incorporates by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

37. Plaintiff is informed and believes and thereon alleges, that defendants are required by law, to provide a proper itemized statement to Plaintiff, under Labor Code §226. Said section requires employers to give an itemized statement to an employee at every pay period, which includes a gross wages earned, total hours worked, all deductions, and the wages earned, for which the period was paid, employee's name and Social Security number, name and address of employer and all applicable hourly rates. Defendants are required to pay to the appropriate governmental agency, all deductions taken from the employee's pay.

38. At all times mentioned in this complaint, California Labor Code §226, was in full force and effect and binding upon defendants.

39. Notwithstanding the requirements of Labor Code §226, plaintiff(s) received improper and false itemized statements, in violation of Labor Code §226.

40. Plaintiff is informed and believes, and thereon alleges, that they entitled to penalties for failure to maintain proper and correct itemized statements, in violation of Labor Code §226, in an amount according to proof at trial.

-7-

**COMPLAINT FOR DAMAGES**

## EIGHTH CAUSE OF ACTION

### (Violation- L.C. §558

### Against All Defendants Including Does 1 to 10)

41.    Plaintiff alleges and incorporate by reference all of the preceding paragraphs, as though set forth at length herein.

42.    At all times herein, defendants were required to record actual hours of work for each plaintiff and to accurately maintain employee files and records. Defendants knew or should have known of these legal requirements, under the **California Labor Code §558.** Despite this knowledge, defendants deliberately and willfully refused to maintain the required records and files, and failed to provide breaks as set forth herein.

43.    The named plaintiff and all other class members, seek to recover all damages, penalties, attorneys fees, civil penalties and losses caused by the unlawful conduct of defendants.

## NINTH CAUSE OF ACTION

### (Unfair Business Practices; Violation of Business & Professions Code

### §17200 et seq. Against All Defendants including Does 1 to 10 )    40.    Plaintiff

alleges and incorporate by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

44.    At all times herein mentioned, **California Business and Professions Code** §17200 et seq., was in full force and effect, and binding upon defendants. Said sections prohibit defendants from engaging in unfair practices, including, but not limited to, failure to pay proper overtime wages and to pay all wages owed to the Plaintiff.

45.    Plaintiff is informed and believes, that defendants engaged in unlawful business practices in violation of **California Business and Professions Code** §17200 et seq., failing to pay overtime wages and failing to pay all wages owed to Plaintiff. Therefore, Plaintiff is entitled to restitution pursuant to **California Business and Professions Code** §§17203 and 17208, in an amount according to proof at trial.

46.    Plaintiff incurred necessary business-related expenses and costs that were not fully reimbursed by defendants. Defendants had, and continue to have, a policy of not reimbursing

-8-

employees, including Plaintiff, for said business-related expenses and costs.

47. Defendants have intentionally and willfully failed to fully reimburse Plaintiff for necessary business-related expenses and costs.

48. Defendants' conduct violates **California Labor Code** Sections 2800 and 2802.

49. Plaintiff is entitled to recover from defendants their business-related expenses incurred during the course and scope of their employment, plus interest, and an award of costs and reasonable attorney's fees pursuant to **California Labor Code** section 2802.

50. Plaintiff is informed and believes, that defendants engaged in unlawful business practices in violation of **California Business and Professions Code** §17200 et seq., failing to pay overtime wages and failing to pay all wages owed to Plaintiff. Therefore, Plaintiff is entitled to restitution pursuant to **California Business and Professions Code** §§17203 and 17208, in an amount according to proof at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against defendants as follows:

## ON THE FIRST CAUSE OF ACTION:

1. Judgment against defendants for general damages according to proof.

2. Judgment against defendants for special damages according to proof.

3. Judgment against defendants for punitive damages according to proof.

## ON THE SECOND CAUSE OF ACTION:

7. Judgment against defendants for all unpaid overtime wage damages to Plaintiff, according to proof.

8. Judgment against defendants for all penalties provided in **Labor Code** §558.

9. Judgment against defendants for punitive damages according to proof.

10. Judgment against defendants for reasonable attorneys fees and costs under **California Labor Code** section 1194 according to proof.

11. Judgment against defendants for all waiting time penalties under **Labor Code** §§201 and 203, to Plaintiff according to proof.

−9−

**ON THE THIRD CAUSE OF ACTION:**

12.    Judgment against defendants for all damages pursuant to Labor Code §226.7.

13.    For all interest on the wages owed.

14.    For all reasonable attorney's fees and costs recoverable by law.

15.    For waiting time penalties under Labor Code §§201 and 203, on all wages owed to the Plaintiff.

**ON THE FOURTH CAUSE OF ACTION:**

16.    For waiting time penalties under Labor Code §§201 and 203, on all wages owed to the plaintiffs.

**ON THE FIFTH CAUSE OF ACTION:**

17.    For general unpaid business-related expenses and such general and special damages as may be appropriate.

18.    For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due.

**ON THE SIXTH CAUSE OF ACTION:**

19.    For restitution of all unlawfully withheld wages for a period commencing four years prior to the filing of this action, through final judgment.

**ON THE SEVENTH CAUSE OF ACTION:**

20.    Judgment against defendants for general damages according to proof.

21.    Judgment against defendants for special damages according to proof.

22.    Judgment against defendants for punitive damages according to proof.

**ON THE EIGHTH CAUSE OF ACTION:**

23.    For Economic Damages according to proof, recoverable by law.

24.    For penalties recoverable by law.

25.    For all reasonable attorney's fees and costs recoverable by law

**ALL CAUSES OF ACTION:**

26.    Judgment against defendants for reasonable attorneys fees provided by law.

27.    Judgment against defendants for pre-judgment interest.

-10-

COMPLAINT FOR DAMAGES

//////

//

28.    Judgment against defendants for costs of suit incurred herein; and

29.    Judgment against defendants for such further relief as the Court deems just and proper.

DATED:  September 23 , 2016                LAW OFFICES OF TIMOTHY J. DONAHUE

By:

TIMOTHY J. DONAHUE
Attorney for Plaintiff,
Cynthia Edwards

-11-

**COMPLAINT FOR DAMAGES**

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

July 13, 2016

Timothy Donahue
374 South Glassell Street
Orange California 92866

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 748451-238043
Right to Sue: EDWARDS / BROOKDALE

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

July 13, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 748451-238043
Right to Sue: EDWARDS / BROOKDALE

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

July 13, 2016

CYNTHIA EDWARDS
160 RODEO RD
GLENDORA, California 91741

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 748451-238043
Right to Sue: EDWARDS / BROOKDALE

Dear CYNTHIA EDWARDS,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 13, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

Enclosures

cc:

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 748451-238043
CYNTHIA EDWARDS, Complainant.
160 RODEO RD
GLENDORA, California 91741

vs.

BROOKDALE, Respondent.
19850 COLIMA RD
WALNUT, California 91789

Complainant alleges:

1. Respondent **BROOKDALE** is a **Other** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **April 19, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated,** . Complainant believes respondent committed these actions because of their: **Age - 40 and over, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics, Sex - Gender** .

3. Complainant **CYNTHIA EDWARDS** resides in the City of **GLENDORA**, State of California. If complaint includes co-respondents please see below.

DFEH 102-1

-5-
*Complaint – DFEH No. 748451-238043*

Date Filed: July 13, 2016

**Additional Complaint Details:**

Based upon gender, age, medical condition, FMLA, failure to accommodate, failure of interactive process, labor code 1102.5

## VERIFICATION

I, **TIMOTHY DONAHUE**, am the Attorney for Complainant in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On July 13, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**ORANGE CA**
**TIMOTHY DONAHUE**

·DFEH 802-1

-7-
*Complaint -- DFEH No. 748451-238043*

Date Filed: July 13, 2016

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Timothy Donahue, Esq. (SBN: 110501)
LAW OFFICES OF TIMOTHY J. DONAHUE
374 South Glassell Street, Orange, CA 92866

TELEPHONE NO.: (714) 289-2445   FAX NO.: (714) 289-2450
ATTORNEY FOR *(Name):* Plaintiff, Cynthia Edwards

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 0 4 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

CASE NAME:
Cynthia Edwards v. Emeritus Corporation, Brookdale Corporation, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 6 3 6 2 4 5 |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter  ☐ Joinder | |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* 9

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 29, 2016
Timothy J. Donahue, Esq.
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT B

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 0 2 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

Tyler A. Brown (State Bar No. 121350)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: brownt@jacksonlewis.com

Attorneys for Defendant
Emeritus Corporation (erroneously sued herein
as "Brookdale Senior Living, Inc.", "Brookdale
Corporation," and "Brookdale Senior Living
Community, Inc.")

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

By Fax

| | |
|---|---|
| CYNTHIA EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>EMERITUS CORPORATION,<br>BROOKDALE CORPORATION,<br>BROOKDALE SENIOR LIVING, INC.,<br>BROOKDALE SENIOR LIVING<br>COMMUNITY, INC., DOES 1 through 10,<br><br>Defendants. | Case No. BC636245<br><br>**ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: 10/4/2016<br>Trial Date:     None Set |

Defendant Emeritus Corporation ("Defendant"), on behalf of itself and on behalf of all the erroneously named defendants, hereby responds to the Complaint for Damages ("Complaint") filed by Plaintiff Cynthia Edwards ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

ANSWER TO COMPLAINT                    1                    Case No. BC636245

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

**THIRD AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint or any purported case of action alleged therein is barred by the doctrine of after-acquired evidence.

**FOURTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Government Code sections 12960(d) and 12965(b), and California Code of Civil Procedure sections 335.1 and 338(a).

**FIFTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of laches, consent, waiver, estoppel and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for waiting-time penalties under Labor code section 203 is barred, in whole or in part, because Defendant's conduct was not willful and/or resulted from a good-faith dispute as to whether Plaintiff was entitled to the wages she seeks.

**EIGHTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

///

2

ANSWER TO COMPLAINT

Case No. BC636245

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Plaintiff has failed to meaningfully exhaust mandatory administrative remedies, including but not limited to those under California Fair Employment and Housing Act, Government Code section 12900 *et seq.*

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Defendant had in place internal complaint policies and procedures, including policies and procedures prohibiting unlawful discrimination and retaliation, and Plaintiff failed to avail herself of available internal remedies before bringing this lawsuit.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because assuming *arguendo* Defendant knew or should have known Plaintiff was subjected to unlawful discrimination and/or retaliation, Defendant took immediate and appropriate corrective action.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because assuming *arguendo* that discriminatory and/or retaliatory reasons were a factor in any employment decision involving Plaintiff, Defendant would have made the same employment decisions with regard to Plaintiff for legitimate, non-discriminatory business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff were taken in good faith for legitimate, non-discriminatory reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff has received all wages to which she has ever been entitled.

3

ANSWER TO COMPLAINT                                          Case No.  BC636245

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint seeks statutory penalties for alleged willful failure to comply with the requirements of the Labor Code, such penalties are barred or must be reduced because Defendants did not willfully violate the requirements of Labor Code sections 201 and 226.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part because based on the hours worked, Plaintiff is not entitled to wages or other compensation or penalties under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission and/or any other law.

## SEVENTEENTH AFFIRMATIVE DEFENSES

Plaintiff has failed to meet her burden inasmuch as all claims stated in Plaintiff's Complaint are barred in whole or in part because Defendants lacked actual or constructive knowledge of alleged overtime, and Plaintiff failed to request, demand, or otherwise notify Defendants of alleged unpaid overtime.

## EIGHTEENTH AFFIRMATIVE DEFENSES

Plaintiff has failed to meet her burden inasmuch as the wage and employment practices at issue in Plaintiff's Complaint were not unlawful, in that Defendants fully or substantially complied with all applicable statutes and regulations, including the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

## ADDITIONAL AFFIRMATIVE DEFENSES

Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing herein;

2.   For costs of suit herein; and

4

ANSWER TO COMPLAINT                                         Case No.  BC636245

3.    For such other and further relief as the Court may deem just and proper.

Dated: November 2, 2016

JACKSON LEWIS P.C.

By:    _____
Tyler A. Brown
Attorneys for Defendant
Emeritus Corporation (erroneously sued
herein as "Brookdale Senior Living, Inc.",
"Brookdale Corporation," and "Brookdale
Senior Living Community, Inc.")

4833-5202-5403, v. 1

---

5

ANSWER TO COMPLAINT                                                    Case No.  BC636245

**PROOF OF SERVICE**

I, Rhonda Simpson, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On November 2, 2016, I served the attached **DOCUMENT** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Timothy J. Donahue                          Counsel for Plaintiff
Law Offices of Timothy J. Donahue
374 South Glassell Street                   CYNTHIA EDWARDS
Orange, CA 92866
T: 714-289-2445
F: 714-289-2450

☒   **BY MAIL**: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐   BY HAND DELIVERY: I caused such envelope to be delivered by hand to the above address.

☐   BY OVERNIGHT DELIVERY: I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service.

☐   BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

☐   BY ELECTRONIC TRANSMISSION: I caused such document(s) to be electronically transmitted to the above email address(by written agreement, confirming letter dated and signed MM/DD/YY).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 2, 2016, at San Francisco, California.

_____
Rhonda Simpson

4826-2883-8203, v. 1

1

PROOF OF SERVICE                                              Case No.  BC 636245